# IN THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

_____

Nos. 20-1653(L); 20-3945(CON)
_____

MICROSOFT CORPORATION,
*Appellant,*

v.

UNITED STATES OF AMERICA,
*Appellee.*
_____

On Appeal from the United States District Court for the
Eastern District of New York, No. 18-mj-723 (Donnelly, J.)
_____

**DECLARATION REPLY OF STEPHEN M. RUMMAGE IN SUPPORT OF CROSS-MOTION TO VACATE DISTRICT COURT ORDERS**
_____

I, Stephen M. Rummage, declare as follows:

1. I am a partner of Davis Wright Tremaine LLP, counsel for Appellant Microsoft Corporation. I submit this declaration under Federal Rule of Appellate Procedure 27(a)(3)(B), which permits a reply to the government's response to Microsoft's cross-motion to vacate the district court orders underlying this appeal.

2. The government does not dispute that vacatur is the "established practice" when an appeal becomes moot. This has been the rule for more than

seventy years. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950). Instead, the government claims this appeal falls within an exception to the general rule because Microsoft "rendered the appeal moot" by "voluntarily notif[ying]" its Customer of a *different* warrant seeking information about *different accounts* after the March 30, 2021, expiration of a *different* secrecy order than the one on appeal. *See* Gov. Mot., Dkt. 273 ¶ 8. The government is wrong on the facts and the law.

3. The government, not Microsoft, took the action that mooted this appeal: moving to vacate the secrecy order at issue in this case. Although Microsoft welcomes the termination of a restriction on its speech (even if untimely), it could not have predicted that this outcome would follow from notice to its Customer after expiration of an entirely different secrecy order. Indeed, the government had asserted a need for secrecy even *after* the government made the Customer "generally aware of [its] investigation." Gov. Mot., Dkt. 273 ¶ 10. And the accounts targeted by the warrant accompanying the separate, expired secrecy order are *different* from those targeted by the warrant accompanying the secrecy order on appeal. Microsoft had no way to know whether the government considered the identity of the accounts at issue on appeal more secret than the accounts covered by the expired secrecy

order, as all of the government's evidence for secrecy was submitted *ex parte*. (Microsoft challenged this *ex parte* practice as a central issue in its appeal.)[1]

4. Microsoft did not provide notice to the Customer "with an intent to escape the collateral consequences of the decision below." Gov. Opp., Dkt. 283 ¶ 8 (citation omitted). Microsoft simply followed its standardized, automated practice after expiration of a secrecy order: I have reviewed records showing that the day after the March 2020 order expired, Microsoft sent an automated email to the FBI agent designated as the contact for the warrant, reminding law enforcement that the secrecy order had expired and disclosing that Microsoft intended to provide notice to the Customer. *See also* Gov. Mot., Dkt. 273 ¶ 8. Microsoft then waited nearly *three weeks* before providing notice, believing law enforcement would respond if it saw a need for an extension. But, as the government tacitly concedes, Microsoft received no response.

5. The government implies nefarious motives by noting that counsel on this appeal were in contact "through the end of March and into the second week of April to address issues related to this appeal," but Microsoft's lawyers failed to alert government counsel of the expiration of the March 2020 secrecy order, which was

---

[1] The government claims "the First Amendment argument Microsoft raises on appeal has been repeatedly rejected by federal courts," Dkt. 283 ¶ 10 n. 2, but neglects to mention that it modified its own practices and policies after a federal court held that the First Amendment *does* apply to secrecy orders. *Microsoft Corp. v. United States Dep't of Just.*, 233 F. Supp. 3d 887, 905-06 (W.D. Wash. 2017).

unrelated to the appeal. Gov. Opp., Dkt. 283 ¶ 7. That assertion leaves a misimpression of how the expired secrecy order was handled. While this litigation was pending in the district court, the government in March 2020 served Microsoft with a warrant and secrecy order *without notifying Microsoft's counsel*. Microsoft's law enforcement compliance team responded to that order and warrant in due course, and it did not become part of this litigation. And so, when the March 2020 secrecy order expired, it was likewise handled internally at Microsoft by its compliance team, according to standard practice. It would have been unusual for litigation counsel to be involved in these routine communications. And we were not.

6. On the morning of April 28, 2021, Microsoft's counsel for the first time became aware of the expiration of the March 2020 secrecy order and Microsoft's notification of the Customer. Not long after receiving that notice, I contacted the government attorneys by email, at 10:48 a.m. Pacific Time, and appellate counsel for both parties spoke about the issue that afternoon. Government counsel knew about the issue almost as soon as Microsoft's lawyers did. In a follow-up call on the evening of Friday, April 30, 2021, the government told Microsoft's counsel that it believed notification of the Customer obviated the government's basis to gag Microsoft through the secrecy order at issue in this appeal. The government advised that it intended to move to vacate the secrecy order involved in the appeal and then dismiss the appeal as moot, and it sought Microsoft's consent. My co-counsel and I

requested an opportunity to review the government's motion before taking a position, and the government cooperated in doing so. This motion practice followed.

7. With respect to the legal standard, the government's characterization of the law is inaccurate. In *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 24-25 (1994), on which the government primarily relies, the Supreme Court recognized an exception to the "established practice" of vacatur "[w]here mootness results from settlement." But the Court has clarified that "*Bancorp's* 'settlement' exception" does not apply even where the party seeking review voluntarily moots the appeal, so long as the "case played no significant role" in causing the case-mooting conduct. *Alvarez v. Smith*, 558 U.S. 87, 94, 96-97 (2009). In those circumstances, "there is not present ... the kind of 'voluntary forfeit[ure]' of a legal remedy that led the Court in *Bancorp* to find that considerations of 'fairness' and 'equity' tilted against vacatur." *Id*. at 97. Instead, mootness is effectively the result of "happenstance," and the appellate court "should follow [the] ordinary practice" of vacatur. *Id*. at 95, 97. That is what happened here, and Microsoft asks only that the Court follow the "ordinary practice."[2]

---

[2] In contrast, the cases on which the government relies involved vacatur after settlement or a failure to prosecute the appeal. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd*, 547 F.3d 109, 114 (2d Cir. 2008) (settlement); *Mahoney v. Babbitt*, 113 F.3d 219, 221 (D.C. Cir. 1997) (party seeking vacatur failed to appeal adverse decision from Court of Appeals).

5

8. The government also claims the "established practice" of vacatur applies only where the underlying decision will have preclusive effect, Gov. Opp., Dkt. 283 ¶ 10, and labels as "frivolous" Microsoft's concern that the government will use the opinions below to justify future secrecy orders, *id.* ¶ 9. But "the precedential value of a decision alone" does not render vacatur inappropriate, as "[s]uch a rule would swallow *Munsingwear*." *American Family Life Assurance Co. of Columbus v. FCC*, 129 F.3d 625, 631 (D.C. Cir. 1997). As this Court explained, "vacatur does have the effect, in a concrete and practical way, of removing [the vacated opinions] from the reservoir of legal thought upon which the bench and bar can subsequently draw." *ATSI*, 547 F.3d at 113 & n.5; *see also U.S. v. Natl. Bank of Com.*, 775 F.2d 1050, 1050 (8th Cir. 1985) (vacatur of district court opinion "removes both the *res judicata* and the *stare decisis* effect of the vacated judgment").

9. Microsoft respectfully submits that there is no reason to depart from the "established practice" of vacatur here. The Court should vacate the district court's underlying opinions, as indicated in Microsoft's cross motion.

I declare under penalty of perjury that the factual matters set forth above are true and correct.

Dated this 6th day of May, 2021.

*s/ Stephen M. Rummage*
Stephen M. Rummage

Stephen M. Rummage
Ambika K. Doran
MaryAnn Almeida
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
(206) 622-3150
steverummage@dwt.com

James M. Garland
Alexander A. Berengaut
Megan A. Crowley
COVINGTON & BURLING
One City Center
850 Tenth Street, NW
Washington, D.C. 20001
(202) 662-6000

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May, 2021, I filed this motion with the Clerk of the Court by using the Appellate CM/ECF system. All parties are registered CM/ECF users and will be served using that system.

*s/ Stephen M. Rummage*
Stephen M. Rummage
